# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 9, 2025

```
* * * * * * * * * * * * *
SOVANNA SIN,                    *
                                *
                Petitioner,     *       No. 20-1727V
                                *
v.                              *       Special Master Gowen
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
                Respondent.     *
* * * * * * * * * * * * *
```

*David J. Carney,* Green & Schafle LLC, Philadelphia, PA, for petitioner.
*Jamica M. Littles,* Department of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On December 1, 2020, Sovanna Sin ("petitioner") filed her claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on July 12, 2018. *Id.*

On June 9, 2025, respondent filed a stipulation stating that a decision should be entered awarding petitioner compensation. Stipulation (ECF No. 64).[3] Respondent denies that petitioner suffered a SIRVA or that the Tdap vaccine caused petitioner's alleged shoulder injury, any other injury, or her current condition. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] The stipulation was signed using an electronic signature and the electronic signature page was removed as it contains petitioner's confidential information.

the parties now agree that the issues between shall be settled and that a decision should be entered awarding compensation to petitioner described in paragraph 8 of the stipulation, attached hereto as Appendix A. *Id.* at 7.

The stipulation provides:

A) **A lump sum payment of $48,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement for petitioner; and**

B) **A lump sum payment of $2,915.91, representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of California, in the form of a check payable jointly to petitioner and the California Department of Health Services ("DHCS"). The check shall also include petitioner's CHCS account number: C90848589A-002T.**

**Petitioner agrees to endorse this check to DHCS and mail it to:**

**Department of Health Care Services**
**Personal Injury Program**
**MS 4720**
**P.O. Box 997425**
**Sacramento, CA 95899-7425**

**These amounts represent payments for all damages available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SOVANNA SIN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 20-1727V<br>Special Master Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Sovanna Sin ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus, diphtheria, and acellular-pertussis ("Tdap") vaccine, which is a vaccine that is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).[1]

2. Petitioner received a Tdap vaccine on July 12, 2018.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table. Petitioner further alleges that she suffered the residual effects of the alleged injury for more than six months.

---

[1] Petitioner also received a pneumovax, pneumococcal vaccine, on July 12, 2018, in her left extremity. The pneumovax vaccine is not a covered vaccination in the Vaccine Program.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of the alleged injury.

6. Respondent denies that petitioner sustained a SIRVA Table injury; denies that the Tdap vaccine caused petitioner's alleged shoulder injury or any other injury; and denies that the Tdap vaccine caused petitioner's current condition or disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. § 300aa-15(a):

a. A lump sum of **$48,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

b. A lump sum of **$2,915.91**,[2] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of California, in the form of a check payable jointly to petitioner and the California Department of Health Care Services ("DHCS"). The check shall also include petitioner's DHCS account number: C90848589A-002T.

Petitioner agrees to endorse this check to DHCS and mail it to:

Department of Health Care Services
Personal Injury Program
MS 4720
P.O. Box 997425

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the California Program has made to or on behalf of Sovanna Sin as a result of her alleged vaccine-related injury suffered on or about July 12, 2017, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g), (h).

2

Sacramento, CA 95899-7425.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and

3

the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on July 12, 2018, as alleged in a petition for vaccine compensation filed on or about December 1, 2020, in the United States Court of Federal Claims as petition No. 20-1727V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

5

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged shoulder injuries or any other injuries or her current condition, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

_Sovanna Sin_
SOVANNA SIN

**ATTORNEY OF RECORD FOR PETITIONER:**

_David Carney_
DAVID J. CARNEY
Green & Schafle, LLC
2332 South Broad Street
Philadelphia, PA 19145
Tel: (215) 326-9256
dcarney@greenlegalteam.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_Heather L. Pearlman_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S  Digitally signed by Jeffrey S. Beach -S  Date: 2025.05.22 16:00:05 -04'00'   for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_Jamica M. Littles_
JAMICA M. LITTLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-4014
Email: jamica.m.littles@usdoj.gov

Dated: 6/9/25

6